## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Kenneth Robinson,** | ) | **CASE NO. 1:16 CV 2295** |
| | ) | |
| Petitioner, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Jason Bunting, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Kenneth Robinson, a state prisoner, has filed the pending Petition for a Writ of Habeas Corpus. (Doc. No. 1.) He asserts he seeks to attack his sentence on 2004 convictions in the Cuyahoga County Court of Common Pleas for involuntary manslaughter, felonious assault, and kidnapping pursuant to 28 U.S.C. § 2241.

Promptly after the filing of a habeas petition, the district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (applicable to petitions under §2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

This petition must be summarily dismissed. Petitioner purports to seek habeas relief pursuant to 28 U.S.C. § 2241, which authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution of law or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). However, the Sixth Circuit has made clear that habeas

petitions of state prisoners are governed by § 2254 regardless "of the label on the statutory underpinning" used. *Bryd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002). A petitioner cannot evade the procedural requirements of § 2254, including the requirement that state remedies by exhausted, by filing a

§ 2241 petition. *See id.* Accordingly, petitioner is not entitled to any relief by way of § 2241.

Petitioner has not demonstrated he is entitled to relief under § 2254. Before a court may grant habeas relief to a state prisoner under § 2254, the prisoner must demonstrate he has exhausted his claims by showing that "the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule" on the claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted); 28 U.S.C. § 2254(b). "A petitioner procedurally defaults claims for habeas relief if the petitioner has not presented [the] claims to the state courts in accordance with the state's procedural rules." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).

Petitioner has not demonstrated he has exhausted his state remedies. His petition indicates he did not directly appeal his sentence and that the only way he sought to challenge his sentence in the state courts was by filing a motion in the trial court to vacate his sentence nine years after he was sentenced, in May 2013, which the trial court denied. It is evident on the face of the petition that petitioner did not fully exhaust his state remedies, and given the untimeliness of his post-judgment motion, it is apparent that any claims challenging his sentence are now procedurally defaulted. *See State v. Ruff*, 70 Ohio St.3d 1461 (1994); *State v. Nichols*, 11 Ohio St. 3d 40 (1994) (delayed appeal not available from denial of post-judgment motion).

**Conclusion**

For the reasons stated above, the petition is denied and this action is dismissed in accordance with Rule 4 of the Rules Governing Habeas Corpus Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b)..

IT IS SO ORDERED.

    /s/Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: __September 28, 2016_